UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY C. ABRAMOWSKI,

    Petitioner,

-vs-                                                                 Case No. 6:12-cv-3-Orl-36KRS

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.

_____/

## ORDER

This case is before the Court on Petitioner's amended petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 12). Petitioner currently has pending a Rule 3.850 motion with the state appellate court, which concerns the judgment and sentence under attack in this case.

The Court must dismiss petitions that contain both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Thus, when a federal habeas petition contains claims that are still pending in the state courts, and therefore unexhausted, the petition must be dismissed in order to provide the state courts with the opportunity to resolve the pending claims. *See Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (11th Cir. 1983) ("[t]he principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing [Petitioner] to simultaneously pursue [his] appeal

in Florida state court and [his] Section 2254 petition[] in federal court."); *Durham v. Wyrick*, 545 F.2d 41, 43 (8th Cir. 1976) (claims asserted in a federal habeas petition, which were also pending before a state court in a motion for postconviction relief, were unexhausted). Having himself chosen to pursue collateral relief in State court, Petitioner may not now simultaneously maintain a federal writ, and his request to do so should therefore be rejected. As a result, the Court concludes that this case should be dismissed in light of the pending motion for postconviction relief with the state appellate court.

The Court also declines Petitioner's request to hold these proceedings in abeyance pending the disposition of his state court proceedings. In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Supreme Court held that "stay and abeyance should be available only in limited circumstances" in section 2254 habeas actions. *Id*. at 277. The Court explained that stays of federal habeas cases frustrate the finality and streamlining purposes of federal habeas law. *Id*. Thus, a stay in this context is appropriate only where a petitioner has "good cause" for his failure to exhaust his claims in state court. *Id*. Here, Petitioner has not demonstrated good cause.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[1]The Court notes that the time during which Petitioner's claims are pending in the state courts in a properly filed application for collateral review is excluded from the one year period of limitation under 28 U.S.C. § 2244(d)(2). However, the Court is not making a determination as to whether any future federal habeas corpus petition filed by Petitioner will be deemed timely.

1. The Amended Petition for Writ of Habeas Corpus (Doc. No. 12) filed by Jeffery C. Abramowski is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

2. Respondents' Motion to Dismiss (Doc. No. 17) is **GRANTED**.

3. Petitioner's Motion to Hold Proceedings In Abeyance (Doc. No. 19) is **DENIED**.

4. The Clerk of the Court is directed to close this case and to enter judgment dismissing this case without prejudice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 17th day of October, 2012.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-2 10/17
Jeffery C. Abramowski